UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

SCOTT T. BICKEL,

        Plaintiff,

v.

THE CITY OF CORAL SPRINGS, a municipality, and
JASON CARTER, individually and in his official capacity
as an officer with the City of Coral Springs Police Department.

        Defendants.

_____/

## COMPLAINT FOR DAMAGES
Jury Trial Demanded

Violations of 42 U.S.C §1983 and State law

        David A. Frankel, Esq.
        **Law Offices of David A. Frankel, P.A.**
        20 South East 20th Street
        Fort Lauderdale. Florida 33315
        (954) 683-0300
        Fla. Bar Number 741779
        david@BlueLotusLaw.com
        Service@BlueLotusLaw.com

        *Attorney for Scott T. Bickel*

Plaintiff, SCOTT T. BICKEL, sues Defendants, JASON CARTER and CITY OF CORAL SPRINGS for damages, jointly and severally, demands trial by jury, and alleges:

## NATURE OF THE ACTION

1. This is an action for damages arising from an unlawful use of force intended to cause injury and emotional distress, and a cover-up by City of Coral Springs Police Officers that occurred on September 6, 2013 after Plaintiff, SCOTT T. BICKEL, was confronted by Defendant, JASON CARTER. This action alleges violations of federal civil rights laws, 42 U.S.C. §1983, and the laws of the State of Florida. The Plaintiff seeks in excess of $75,000 exclusive of interest and costs.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, and the tort laws of Florida. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, and under the tort law of Florida. Supplemental jurisdiction, and joinder of parties for additional state law claims, is proper pursuant to 28 U.S.C. §1367(a) because they form part of the same case or controversy. Plaintiff also asserts multiple state tort law claims.

3. Under 28 U.S.C. § 1391(b)(2), venue lies in the United States District Court for the Southern District of Florida, Broward Division, because it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4. The Plaintiff, SCOTT T. BICKEL (herein referred to as Plaintiff or "BICKEL"), at all times material hereto, has been a resident of Broward County, Florida, over the age of eighteen years and otherwise able to sue in his own capacity.

5. Defendant City of Coral Springs ("Defendant CITY") is a political subdivision of the State of Florida, a Florida municipal corporation, and at all relevant times had ultimate authority over the City of Coral Springs Police Department and the Defendant, JASON CARTER (herein referred to as "CARTER"). The Defendant CITY was responsible for the retention, supervision, discipline, and conduct of CARTER, as he was employed by the City of Coral Springs Police Department at all relevant times.

6. Defendant, JASON CARTER ("Defendant CARTER), is a duly appointed law enforcement officer of the City of Coral Springs Police Department, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the City of Coral Springs Police Department, and/or the State of Florida. Defendant CARTER is being sued in his individual capacity.

## GENERAL ALLEGATIONS

### A. The 9-1-1 CALL

7. On or about September 6, 2013, Plaintiff, BICKEL was at his home in Coral Springs with other family members. An argument occurred and neighbors called police.

8. At that time, CARTER was dispatched by 9-1-1 to the BICKEL home regarding the disturbance. CARTER was acting under the color of law while engaged in his discretionary duties as a law enforcement officer for the City of Coral Springs.

9. At the time CARTER arrived on the scene, other Coral Springs Police Officers either had already arrived or did thereafter.

10. Pursuant to the information provided to 9-1-1 dispatch the officers present ordered anyone in the residence to do so.

11. The Plaintiff exited the residence along with the two other occupants; Plaintiff's son and son-in-law.

12. The call for service was the result of potentially violent altercation between the son and son-in-law.

13. The three men came out of the residence – a first story apartment – peacefully.

14. As he exited Plaintiff attempted to caution the officers about his severely injured arm. He had just recently undergone major surgery.

15. The fact that Plaintiff had recently undergone a major surgical operation was plainly obviously to anyone within fifty (50) feet or more.

16. Without making any attempt to protect the arm one or more of the officers present forced Plaintiff's arms behind his back placing him in handcuffs. Plaintiff was move a short distance forced down to the ground near the first step of a bare concrete stairway.

      **B.**     **Defendant Carter Confronts Bickel**

17. Upon arriving at the scene, CARTER approached BICKEL and he and/or other officers, advised him to raise his hands and BICKEL immediately complied.

18. BICKEL further advised CARTER and other officers that he had recently had arm surgery and was limited as to how high he could lift his hands or move his arm, but nonetheless BICKEL cooperated as best he could. BICKEL had an enormous surgical scar on his arm which was clearly visible to CARTER at the time CARTER engaged BICKEL.

19. After Plaintiff was placed in front of a concrete step CARTER came up from behind, took hold of his head, and slammed into the concrete.

20. At no time during this encounter did BICKEL resist or oppose CARTER or any other officer, so as to cause CARTER or any other officers to believe he was resisting any officers' efforts in anyway.

21. As a result of the use of this unnecessary and unconstitutional use of force upon BICKEL by CARTER, BICKEL sustained grievous, significant and permanent injury and scarring.

22. CARTER'S unlawful use of force caused significant damage to Plainiff's already injured arm, necessitating additional surgery and medical treatment to in an attempt to repair the damage cause by CARTER.

### C. The Coral Springs Police Department Cover-up

23. In furtherance of the illegal and unconstitutional conduct of CARTER, CARTER'S use of force against BICKEL required him to complete a Use of Force Form which he fabricated along with his police report.

24. The CITY, through its Police Department, had in place a policy requiring each of its officers to complete this use of force form to document all force being used by CITY officers. Thereafter, CITY policy required each instance of an officer's use of force reviewed by a Board of fellow officers called the Response to Resistance Board. As to CARTER, his use of force, in every separate instance, was summarily deemed justified by the Board.

25. . At all times material hereto the CITY, the Police Department, and the Board were on notice of a pattern and practice of widespread use of excessive force by CARTER, similar in nature and identity to the events which occurred with BICKEL.

26. While the extant written policies regarding the use of force by Coral Springs police officers and review of use of force, and the standard operating procedure for handling service calls are constitutional on their face, the policies themselves are deficient in their content and detail, and/or in the manner of implementation by the CITY.

27. The CITY has been, and continues to be, deliberately indifferent to the promulgation of policies, practices or customs sufficient to protect the rights of the citizenry they are obligated to serve in a manner and fashion that avoids the excessive use of force by Coral Springs police officers, and/or the CITY has been, and continues to be, deliberately indifferent to adequate training and/or supervision, and/or discipline of said officers to prevent such abuses.

28. The Defendant CITY'S systematic and consistent approval and ratification of excessive use of force in relation to the tasks necessarily performed by CARTER constitutes "city policy," which was the cause and/or moving force of the injury to the Plaintiff, BICKEL. The causal connection is established by a history of widespread abuse of which the CITY knew, or should have known. Abuse of citizens was obvious, flagrant, rampant and of continued duration.

29. In fact, the RESPONSE TO RESISTANCE BOARD'S personal review of uses of force was meaningless, perfunctory and/or mere formality, in certain instances approving and ratifying uses of force that expressly contradict their own written policies and orders.

30. Despite having such notice, the CITY failed to take remedial action by way of supervision, training, and/or discipline of any of the CITY'S officers who used excessive force. No reasonable investigation into any instance of use of force by a

CARTER resulted in any meaningful or necessary remedial action, retraining and/or discipline, including instances of excessive use of force.

31. As such, the CITY'S officer CARTER remained comfortable in the assurance that his use of excessive and unnecessary force would not result in any discipline or negative consequences affecting his employment.

32. The CITY'S deliberate indifference, and allowance of deficient city policy, practice and/or custom, created a foreseeable assurance and likelihood that the rights of citizens of Coral Springs.

33. The injury suffered by BICKEL was the result this deliberate indifference in that the failure of the CITY to take meaningful and appropriate action by retraining, discipline, supervision, and/or any other remedial action, in instances where CARTER and others used excessive force, allowed CARTER and others to believe they could violate the Plaintiffs rights, as set forth herein, with impunity. As such, the deliberate indifference to the rights of citizens by the Defendants, was the moving force that resulted in the injury to the Plaintiff.

### E. Defendant CARTER'S History of Misconduct

34. During the course of Defendant CARTER'S employment with the City of Coral Springs, the Defendant CITY became aware, or should have become aware, of information indicating Defendant CARTER'S inability and/or unwillingness to follow orders and departmental policies, and unfitness to serve in a capacity where violations of citizen's rights could occur, including but not limited to: excessive force and/or retaliation against citizen's who assert their constitutional rights.

35. Prior to September 6, 2013, Defendant CARTER had been involved in at least three arrests that resulted in the arrestees each suffering significant facial injuries similar to those

sustained by BICKEL, which should have red-flagged CARTER as a problem by the time the Board reviewed the BICKEL use of force filed by CARTER.

  a. On January 26, 2013, CARTER arrested Juan Jesus Nehar. As a result of having his face driven into the ground by CARTER, Nehar suffered facial injuries. The Response to Resistance Board reviewed CARTER'S use of force and found it to be reasonable. The Board consisted of Deputy Chief Kevin Montagna, Sgt. Scott Myers, Sgt. Gary Sheetz, Det. Rob Harty, and Offc. David Gariepy.

  b. On November 18, 2012, CARTER arrested Stephen Vasquez. As a result of having his face driven into the ground by CARTER and/or a second officer, Vasquez suffered facial injuries after being tased. The Response to Resistance Board reviewed CARTER'S use of force and found it to be reasonable. The Board consisted of Deputy Chief Kevin Montagna, Sgt. Scott Myers, Sgt. Gary Sheetz, Det. Rob Harty, and Detective Gorlach.

  c. On November 4, 2012, CARTER arrested Clyde Henry. As a result of having his face driven into the ground by CARTER, Vasquez suffered facial injuries. The Response to Resistance Board reviewed CARTER'S use of force and found it to be reasonable. The Board consisted of Deputy Chief Kevin Montagna, Sgt. Scott Myers, Sgt. Gary Sheetz, Det. Rob Harty, and Detective Gorlach.

36. The Response Board, which always cleared or covered for CARTER, were always the same cast of characters headed by Deputy Chief Montagna. Their refusal to objectively critique the use of force allowed CARTER lead CARTER to believe that

he could essentially do as he pleased, unconstitutional or otherwise.

37. As a direct and proximate result of the acts of the Defendants, CITY and CARTER suffered damages, including the following:

    a. injuries to his arm and face, causing severe pain and suffering and emotional distress in the past and continuing into the future;

    b. permanent physical injury in the past and continuing into the future.

38. The Defendants are subject to punitive damages for their conduct.

39. Plaintiff, BICKEL is obligated to pay undersigned counsel a reasonable fee for their services in the event of recovery.

## FEDERAL CLAIMS

### COUNT I
### Excessive Use of Force – Fourth Amendment - 42 U.S.C. §1983
### (Defendant Carter)

40. Plaintiff hereby incorporates paragraphs 1, 4, 6-23, 34-39 as if specifically pled herein.

41. Plaintiff BICKEL was physically restrained and taken into formal custody by CARTER.

42. After the Plaintiff was handcuffed and secured CARTER deliberately grabbed his head smashed his face into the concrete.

43. By doing so CARTER, caused further arm injury, as well as extensive nerve damage, in BICKEL'S upper extremities resulting in temporary and permanent loss of sensation; as well as severe facial injury.

44. At no time during the events giving rise to this action did BICKEL commit any act, motion or gesture to oppose any, any police officer, or any other person, that might reasonably have been interpreted or perceived as a threat to their safety, health or well-

9

being.

45. The extent of force used by CARTER to restrain BICKEL was excessive and objectively unreasonable, and/or done with malicious intent.

46. As a direct and proximate result of the force used by CARTER in restraining BICKEL, BICKEL suffered extreme pain and suffering, as well as temporary and/or permanent physical injury.

WHEREFORE Plaintiff, BICKEL seeks entry of this Court's order of final judgment against Defendant CARTER for all compensatory and punitive damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

## COUNT II
### Intentional Infliction of Emotional Distress – State Tort
**(Defendant CARTER)**

47. Plaintiff hereby incorporates paragraphs 1, 4, 6-23, 34-39 as if specifically pled herein.

48. The actions of Defendant CARTER in determining to physically, maliciously and sadistically abuse BICKEL were an unlawful and corrupt abuse and usurpation of his sworn oaths to uphold the laws of the State of Florida and the United States.

49. Likewise, Defendant CARTER abused the color of authority, using police powers to intentionally cause pain and suffering to BICKEL. CARTER was consciously aware of the injury being inflicted upon BICKEL, and purposely chose to continue or increase the level of pain to BICKEL. CARTER'S wilfull and wanton conduct caused long term physical injury and severe emotional distress to BICKEL.

50. As this was occurring CARTER just ignored Plaintiff, BICKEL'S, pleas for relief,

and refusing to stop hurting him, so as to continue inflicting emotional distress.

51.     As a direct and proximate result of the conduct of CARTER in restraining BICKEL, BICKEL suffered extreme pain and suffering, emotional distress, as well as temporary and/or permanent physical injury.

**WHEREFORE** Plaintiff BICKEL seeks entry of this Court's order of final judgment against Defendant CARTER for compensatory damages, costs, and such other relief that the Court deems just and proper.

### COUNT III
### Assault and/or Battery
### (Defendants CARTER)

52.     Plaintiff re-alleges paragraphs 1, 4, 6-23, 34-39 above, and incorporates them into this Count.

53.     On September 6, 2013, Defendant CARTER did, maliciously and willfully, touch or strike Plaintiff, BICKEL in an offensive manner against his will.

purposes.

54.     In doing so CARTER caused significant injury to Plaintiff; including irreparable injury to his arm and facial damage.

55.     At no time during the events giving rise to this action did Plaintiff commit any act, motion or gesture to oppose any member of the Coral Springs Police Department, any police officer, or any other person, that might reasonably have been interpreted or perceived as a threat to their safety, health or well-being.

56.     As a direct and proximate result of the force used by CARTER in restraining BICKEL, BICKEL suffered extreme pain and suffering, as well as temporary and/or permanent physical injury

**WHEREFORE** Plaintiff, BICKEL seeks entry of this Court's order of final

judgment against Defendant CARTER for all compensatory e damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

## COUNT IV
### Claim Pursuant to 768.28 Fla. Stat.
### (Defendant CITY OF CORAL SPRINGS)

57. Plaintiff re-alleges paragraphs 1-5, 7-39 above, and incorporates them into this Count.

58. Subject to certain statutory limitations, the Defendant CITY is liable for the wrongful acts and omissions of its employees while acting within the scope of their office or employment to the same extent as a private employer.

59. At all relevant times, Defendant CARTER committed the torts of battery and infliction of emotional distress while acting within the course and scope of their employment as employees of the Defendant CITY.

60. One statutory limitation on imposing respondent superior liability on the Defendant City is that it "shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting willful and wanton disregard of human rights, safety, or property."

61. As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff BICKEL alleges that the Defendant CARTER did not commit the above-mentioned torts of battery and infliction of emotional distress, in bad faith or with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, safety, or property, but as a result lack of training or supervison.

62. As a direct and proximate result of the force used by CARTER in restraining BICKEL, BICKEL suffered extreme pain and suffering, as well as temporary and/or permanent physical injury

63 Accordingly, liability ought to be imposed on the Defendant CITY for the Defendant Officers' wrongful acts of battery and infliction of emotional distress., to the extent provided by law.

**WHEREFORE** Plaintiff SCOTT BICKLE seeks judgment against Defendant CITY for compensatory damages, costs, and such other relief that the Court deems just and proper.

## COUNT V
## MONELL CLAIM-42 USC 1983
### (Defendants CITY)

64. Plaintiff re-alleges paragraphs 1-5, 7-39 above, and incorporates them into this Count.

65. At all times material hereto, Defendant CITY was charged with the plenary responsibilities to adopt and implement policies, rules and regulations to reasonably ensure the protection of the constitutional rights of the public.

66. These policies, rules and regulations necessarily included the implementation of policies and practices to detect, investigate, evaluate, and/or remediate and/or discipline the use of excessive force against citizens, including Plaintiff BICKEL by officers of the CITY.

67. The CITY was deliberately indifferent to these responsibilities, and to the rights of the public by expressly and/or impliedly failing to adopt or implement such policies or practices.

68.     To the contrary, the CITY did condone and encourage the widespread use of excessive force by its police officers, including, but not limited to Defendant CARTER , by maintaining a policy that systematically ratified all uses of force without scrutiny or meaningful oversight, or adherence to the CITY'S written polices and/or orders.

69.     In short, the written policies and orders of Defendants CITY intended to protect citizens from excessive use of force were systematically ignored by the CITY, and supplanted with a practice of deliberate indifference thereto by means of ratification.

70.     Despite easily discernable and discoverable abuses of the CITY's written policies, and/or orders regarding the use of force, Defendant CITY, and/or the Review Board and command staff, did approve and/or ratify any use of force without meaningful investigation or due diligence.

71.     Scrutiny and review of CITY'S Use of Force Reports from the years 2010 until 2013  reveals that the CITY, and their  Police Department have approved and/or ratified the use of force in every instance without exception as to  CARTER . However, in multiple situations the level of force used was not justified and was in violation of the CITY'S own written policies, procedures and/or orders. On multiple occasions during this time period the official reports and documents necessary for review reflect violation of the written policies on their face, and/or that these Defendants possessed information provided by the prosecution authority of Broward County that the actions of CITY officers in question was illegal.

72.     The failure of Defendant CITY to implement its own written policy and/or orders intended to prevent violation of the rights of citizens, and instead maintain a tacit policy of ratifying the use of excessive force by CARTER and other officers was itself "city policy,"

and the direct and proximate result of the harm caused to BICKEL, including physical and emotional injuries, and loss of enjoyment of life.

**WHEREFORE**, the Plaintiff BICKEL compensatory damages to Plaintiff and against the CITY OF CORAL SPRINGS, as well as attorney fees and costs, and all other relief the Court deems just and proper. Plaintiff BICKEL demands trial by jury for all issues so triable by right.

.

*Respectfully submitted* this 28th day of March, 2017

        s/ David A. Frankel
        David A. Frankel, Esq.

**Law Offices of David A. Frankel, P.A.**
20 South East 20th Street
Fort Lauderdale. Florida 33315
(954) 683-0300
Fla. Bar Number 741779
david@BlueLotusLaw.com
Service@BlueLotusLaw.com