# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-60606-BLOOM/Valle

SCOTT T. BICKEL,

      Plaintiff,

v.

CITY OF CORAL SPRINGS,
and JASON CARTER,

      Defendants.

_____/

## <u>ORDER ON MOTIONS TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant Jason Carter's ("Carter") Motion to Dismiss Count II of Plaintiff's Amended Complaint, ECF No. [35] ("Carter's Motion"), and Defendant City of Coral Springs' (the "City") Motion to Dismiss Count IV of the Amended Complaint, ECF No. [20] (the "City's Motion"). The Court has reviewed the Motions, all opposing and supporting submissions, the record and the applicable law, and is otherwise fully advised. For the reasons set forth below, Carter's Motion is granted and the City's Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff Scott T. Bickel ("Plaintiff" or "Bickel") filed suit against the City and Carter, a law enforcement officer with the Coral Springs Police Department ("CSPD"), on March 27, 2017, *see* ECF No. [1], and, in an Amended Complaint filed on May 1, 2017, *see* ECF No. [15], alleged various claims against them. As alleged in the Amended Complaint, this action stems from an incident that occurred at Bickel's home on September 6, 2013. *See* ECF No. [15] at ¶¶ 1, 9-22.

According to the Amended Complaint, on September 6, 2013, an argument between Bickel's son and son-in-law occurred inside Bickel's home—located on the first story of an apartment complex—while Bickel and other family members were present. *Id.* at ¶¶ 9, 13. Neighbors called the police, and Carter and other CSPD officers were dispatched to Bickel's home. *Id.* at ¶¶ 9-10. "The argument inside the home had concluded" before any of the officers arrived. *Id.* at ¶ 13. Upon the officers' arrival, everyone inside the home was ordered to exit. *Id.* at ¶ 12. Bickel, his son, and his son-in-law all exited the home peacefully and without resistance. *Id.* at ¶ 13.

As Bickel was exiting the front door of his home, he attempted to caution the officers about his "severely injured arm" that he had recently undergone a major surgical operation, from which a scar held closed by surgical staples was "readily identifiable." *Id.* at ¶¶ 14-15. At that point, one or more of the officers present, possibly including Carter, "forced Plaintiff's arm behind his back [and] plac[ed] him in handcuffs" without attempting to protect his arm from further injury. *Id.* at ¶ 16. This caused further and permanent injury to Bickel's arm. *Id.* at ¶ 17.

One or more of the officers, possibly including Carter, then moved Bickel a short distance from the home's front door and forced him down to his knees near the first step of the apartment complex's concrete stairway. *Id.* at ¶ 19. At no point did Bickel "oppose, resist, or fail to obey" any of the officers. *Id.* at ¶ 21. As Bickel remained handcuffed and on his knees facing the stairway, Carter "came up from behind, took hold of [Bickel's] head, and slammed it into the concrete stair." *Id.* at ¶ 22. As a result of this encounter, Bickel sustained significant and permanent injury. *Id.* at ¶ 24.

Thereafter, according to the Amended Complaint, Carter fabricated the police report he prepared as well as a "Use of Force Form" he was required to complete. *Id.* at ¶ 26. Apparently,

Carter's use of force during Bickel's arrest was summarily deemed justified by the City, CSPD, and/or CSPD's Response to Resistance Board.  *See id.* at ¶¶ 27-28.

Based in part on these factual allegations, Bickel brings five claims for relief, including: excessive force under the Fourth Amendment and 42 U.S.C. § 1983 against Carter (Count I); intentional infliction of emotional distress ("IIED") against Carter (Count II); "assault and/or battery" against Carter (Count III); a claim "pursuant to 768.28 Fla. Stat." against the City based on Carter and the other officers' purported "wrongful acts of battery and/or negligent infliction of emotional distress" (Count IV); and a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and 42 U.S.C. § 1983 against the City (Count V).  ECF No. [15]. Through their respective Motions, Carter moves to dismiss Count II for failure to state a claim, ECF No. [35], and the City moves to dismiss Count IV, arguing that in seeking to assert a negligence claim against the City based upon its vicarious liability for the actions of Carter, Count IV fails as a matter of state law because "there are no allegations of negligent (as opposed to intentional) conduct" by Carter in the Amended Complaint, ECF No. [20] at 3.

## II.  LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010). With respect to Rule 12(b)(6), "[d]ismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.   DISCUSSION

### A.  Intentional Infliction of Emotional Distress Against Carter (Count II)

A claim for IIED under Florida law requires a showing of: "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla.1993) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)). Further, the conduct must be

> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*McCarson*, 467 So. 2d at 278-79 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Whether conduct meets that standard is a question of law to be answered by the Court. *Ayers v. Wal-Mart Stores, Inc.*, 941 F. Supp. 1163, 1167-68 (M.D. Fla.1996) (citing *Dependable Life Ins. Co. v. Harris*, 510 So. 2d 985, 988 (Fla. 5th DCA 1987), and *Ponton v. Scarfone*, 468 So. 2d 1009, 1011 (Fla. 4th DCA 1985)).

Carter contends that Bickel's IIED claim against him under Count II should be dismissed because the Amended Complaint fails to allege sufficient facts to support the claim. Specifically, Carter argues that Count II: (1) fails to adequately allege outrageous conduct on the part of Carter; and (2) offers "no facts demonstrating the actual emotional distress Plaintiff claims to have suffered . . . ." ECF No. [35] at 4-5. The Court agrees with Carter's second argument.

The Amended Complaint alleges the following: Bickel, before being placed in handcuffs, warned the officers of his injured arm (ECF No. [15] at ¶¶ 13-14); Carter "knew, or should have known, at the mere sight of BICKEL, that any manipulation of the surgically repaired arm, in its obvious and exposed condition, would cause further injury if not done with care and concern" (*id.* at ¶ 17); Bickel "was passive and completely compliant" throughout the encounter (*id.* at ¶ 18); in placing Bickel under arrest and in handcuffs, Carter and the other officers made no attempt "to protect the arm from further injury" (*id.* at ¶ 16); as Bickel remained handcuffed and on his knees facing the stairway, Carter "came up from behind, took hold of [Bickel's] head, and slammed it into the concrete stair" (*id.* at ¶ 22); and Carter fabricated his written reports (*id.* at ¶ 26). With respect to conduct, Carter's Motion focuses only on the alleged encounter between Carter and Bickel near the stairway, characterizing it as merely a "gratuitous shove" that it is insufficiently egregious to support an IIED claim. ECF No. [35] at 4. As alleged, however, that

encounter is far more serious in degree than a "gratuitous shove."  *See McCarson*, 467 So. 2d at 278-79.  Moreover, in totality, while the acts of coming up from behind a compliant individual in handcuffs and slamming his head into a concrete stairway and later lying about the events may not exceed all possible bounds of decency given the high standard Florida courts employ in this context, the Court nevertheless finds that the outrageous conduct element has been sufficiently pled here.

However, the Court has examined the allegations with respect to the first and last elements—the resulting mental suffering and its severity. Although the Amended Complaint offers detailed allegations as to the physical injuries sustained by Bickel, it offers no specific allegations as to any mental suffering Bickel has endured, let alone the degree of such mental suffering.  *See generally Frias v. Demings*, 2011 WL 4903086, at *12 (M.D. Fla. Oct. 14, 2011) ("The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.") (citing Restatement (Second) of Torts § 46, cmt. J (1965)).  Instead, the Amended Complaint merely alleges in conclusory fashion that Bickel suffered "severe emotional distress."  ECF No. [15] at ¶ 53.  This is not enough.  *See, e.g.*, *Woodhull v. Mascarella*, 2009 WL 1790383, at *3 (N.D. Fla. 2009) ("Plaintiff has continued to offer no facts to support her conclusory allegations of 'severe' emotional distress.").  Accordingly, Count II is dismissed without prejudice with leave to amend.

### B. Vicarious Liability for "Battery and/or Negligent Infliction of Emotional Distress" Against the City (Count IV)

Count IV of the Amended Complaint, which generally references Section 768.28, Florida Statutes, states in part as follows:

> [I]n the alternative to any contrary allegations set forth in this Complaint, Plaintiff BICKEL alleges that the Defendant CARTER did not commit *the above-mentioned torts of battery and/or negligent infliction of emotional distress*, in bad

faith or with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, safety, or property, but *as a result of lack of training or supervision*.

ECF No. [15] at ¶ 65 (emphasis added). Characterizing the force used by Carter as "wrongful force," Count IV alleges that the City is liable for Carter and the other officers' "wrongful acts of battery and/or negligent infliction of emotional distress." *Id.* at ¶¶ 66-67.

Florida has, "for itself and for its agencies or subdivisions," waived its "sovereign immunity for liability for torts, but only to the extent specified" in Fla. Stat. § 768.28. Fla. Stat. § 768.28(1). In turn, Fla. Stat. § 768.28 provides a conditional waiver of sovereign immunity for certain vicarious liability claims as follows:

> Actions at law against the state or any of its agencies or subdivisions *to recover damages in tort* for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the *negligent or wrongful act or omission of any employee* of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

Fla. Stat. § 768.28(1) (emphasis added). One of the "limitations specified" in Fla. Stat. § 768.28—and referenced in Count IV—is that "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of his or her employment or committed with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

The City's Motion appears to construe Count IV as a claim for *negligent* infliction of emotional distress. *See* ECF No. [20] at 2 (addressing "the negligent infliction of emotional distress claim" and stating that "Plaintiff in Count IV seeks to assert a negligence claim against the CITY based upon its vicarious liability for the actions of Carter"). More specifically, the

City's Motion argues that, as a matter of law, the City cannot be vicariously liable for the actions of Carter because the Amended Complaint fails to allege any "underlying negligent acts." *Id.* at 2-3. In the City's words: "Here [], the Amended Complaint does not allege any negligence by Carter, but instead that he committed the tort of battery or excessive force. Under Florida law (and as a matter of basic common sense), one cannot bring a simple negligence claim arising out of the *intentional* use of excessive force." *Id.* at 3 (emphasis in original) (citing *City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. 3d DCA 1996), and *Lewis v. City of St. Petersburg*, 98 F. Supp. 2d 1344 (M.D. Fla. 2000)). The Court agrees on this point.

In essence, Count IV seeks to place liability on the City by way of the alleged tortious conduct of Carter. In attempting to do so, Count IV pleads in the alternative that Carter's tortious conduct ("wrongful force" as the Amended Complaint characterizes it generally) was the "result of lack of training or supervision" rather than bad faith, malicious purpose, or willful and wanton disregard of human rights. The purpose of this alternative pleading, of course, is to avoid the limitation provided under Fla. Stat. § 768.28(9)(a) that would preclude the applicability of the waiver of sovereign immunity provided under Fla. Stat. § 768.28(1). Importantly, however, the Amended Complaint classifies the underlying tortious conduct of Carter's, which necessarily forms the basis of the vicarious liability claim under Count IV, as "battery and/or *negligent* infliction of emotional distress." ECF No. [15] at ¶¶ 63, 65, 67 (emphasis added).

Insofar as the underlying tort upon which Count IV is based on is negligent infliction of emotional distress—particularly as that emotional distress is alleged to have been brought about by the purportedly "wrongful force" used by Carter during Bickel's arrest—Count IV must fail. As the Eleventh Circuit has explained, "Florida courts have conclusively established that a cause of action for the negligent use of excessive force is an oxymoron." *Secondo v. Campbell*, 327 F.

App'x 126, 131 (11th Cir. 2009) (citing *City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. 1st DCA 1996)); *see also Sanders*, 672 So. 2d at 47-48 (explaining that "a suit for a police officer's use of excessive force necessarily involves the intentional tort of battery[,]" and further, that "it is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort"). And as another court in this District has explained, "[t]he commission of a battery against an individual cannot be negligently done." *Lewis*, 98 F. Supp. 2d at 1350 (citing *Sanders*, 672 So. 2d at 47). Instead, "a separate negligence claim based upon a distinct act of negligence may be brought against a police officer in conjunction with a claim for excessive use of force. . . . [only where] the negligence component [] pertain[s] to something *other than the actual application of force during the course of the arrest*." *Sanders*, 672 So. 2d at 48 (emphasis added) (internal citations omitted); *see also Lewis*, 98 F. Supp. 2d at 1350 ("While negligence claims may be brought against a governmental entity, such claims must be based on something besides the use of force in making or attempting to make a lawful arrest."). Here, the specific negligent infliction of emotional distress alleged as the tortious conduct underlying Count IV's vicarious liability claim is not legally cognizable, as it unequivocally pertains to Carter's "wrongful" use of force during Bickel's arrest. *See* ECF No. [15] at ¶¶ 65-66. Naturally, then, such allegedly tortious conduct, insufficient to establish liability on the part of Carter in the first place, cannot serve as a basis on which to attach vicarious liability on the part of the City. *See generally Laster v. City of Tampa Police Dep't*, 575 F. App'x. 869, 873 (11th Cir. 2014) ("To prevail on a theory of vicarious liability against the City under Fla. Stat. § 768.28, [the plaintiff] had to show liability on the part of . . . the City's employee.").

That said, in construing Count IV as a claim for negligent infliction of emotional distress, the City's Motion fails to address the other aspect of Count IV—that is, the extent to which it identifies as the underlying tortious conduct the purported battery committed by Carter during Bickel's arrest, an intentional tort. "Florida courts have explicitly held that section 768.28 does not immunize 'a governmental entity from liability for the *intentional torts* of its employees committed in the course and scope of their employment where the act or conduct does not involve bad faith or malicious purpose, nor was it committed in a manner exhibiting a wanton and willful disregard of human rights, safety, or property." *Jones v. City of Orlando*, 2012 WL 12904725, at *9 (M.D. Fla. Nov. 16, 2012) (quoting *Richardson v. City of Pompano Beach*, 511 So. 2d 1121 (Fla. 4th DCA 1987) (emphasis in original)). The City itself appears to recognize this principle. *See* ECF No. [34] at 1 (agreeing with the assertion that "intentional tort claims may be brought against governmental entities so long as the count does not allege the employee committed the tort with malice or bad faith"). As such, to the extent that Count IV pleads in the alternative that the underlying tortious conduct of Carter giving rise to the City's vicarious liability is a battery that was not committed in bad faith, with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, the Court will deny the City's request for dismissal of Count IV.[1]

---

[1] In its Reply, ECF No. [34] at 2-3, the City argues for the first time that Count IV should be dismissed because it improperly "commingles" an intentional tort and a negligence claim within the same count. The Court, however, will not consider an argument raised for the first time in a reply brief. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009); *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015) ("It is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief.") (quoting *Tallahassee Mem. Regional Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n. 16 (11th Cir. 1987)).

IV.    **CONCLUSION**

For all of the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1.  Carter's Motion to Dismiss Count II of Plaintiff's Amended Complaint, **ECF No. [35]**, is **GRANTED**.

2.  The City's Motion to Dismiss Count IV of the Amended Complaint, **ECF No. [20]**, is **GRANTED in part and DENIED in part**. Count IV is **DISMISSED with prejudice** only insofar as it is based on the purported negligent infliction of emotional distress committed by Carter.

3.  Plaintiff is granted leave to amend and is direct to file a Second Amended Complaint on or before **June 16, 2017**.

**DONE AND ORDERED** in Miami, Florida this 6th day of June, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record