# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-60606-BLOOM/Valle

SCOTT T. BICKEL,

     Plaintiff,

v.

THE CITY OF CORAL SPRINGS,
And JASON CARTER,

     Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Jason Carter's ("Defendant" or "Carter") Motion to Dismiss Count II of Plaintiff's Second Amended Complaint, ECF No. [52] (the "Motion"). The Court has reviewed the Motion, all opposing and supporting submissions, the record and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

Plaintiff Scott T. Bickel ("Plaintiff" or "Bickel") filed suit against the City of Coral Springs and Carter, a law enforcement officer with the Coral Springs Police Department ("CSPD"). *See* ECF No. [1]. Bickel has twice amended his claims, making the Second Amended Complaint, *see* ECF No. [49], the operative pleading. As alleged in the Second Amended Complaint, this action stems from an incident that occurred at Bickel's home on September 6, 2013. *See* ECF No. [49] at ¶¶ 1, 9-22. On that date, Bickel alleges that an argument between his son and son-in-law occurred inside his home—located on the first story of

an apartment complex—while Bickel and other family members were present. *Id.* at ¶¶ 9, 13. Neighbors called the police, and Carter and other CSPD officers were dispatched to Bickel's home. *Id.* at ¶¶ 9-10. "The argument inside the home had concluded" before any of the officers arrived. *Id.* at ¶ 13. Upon the officers' arrival, everyone inside the home was ordered to exit. *Id.* at ¶ 12. Bickel, his son, and his son-in-law all exited the home peacefully and without resistance. *Id.* at ¶ 13.

As Bickel exited the front door of his home, he attempted to caution the officers about his "severely injured arm" that had recently undergone a major surgical operation, from which a scar held closed by surgical staples was "readily identifiable." *Id.* at ¶¶ 14-15. At that point, one or more of the officers present, possibly including Carter, "forced Plaintiff's arm behind his back [and] plac[ed] him in handcuffs" without attempting to protect his arm from further injury. *Id.* at ¶ 16. This caused further and permanent injury to Bickel's arm. *Id.* at ¶ 17. One or more of the officers, possibly including Carter, then moved Bickel a short distance from the home's front door and forced him down to his knees near the first step of the apartment complex's concrete stairway. *Id.* at ¶ 19. At no point did Bickel "oppose, resist, or fail to obey" any of the officers. *Id.* at ¶ 21. As Bickel remained handcuffed and on his knees facing the stairway, Carter "came up from behind, took hold of [Bickel's] head, and slammed it into the concrete stair." *Id.* at ¶ 22. As a result of this encounter, Bickel sustained significant and permanent injury. *Id.* at ¶ 24. Thereafter, according to the Second Amended Complaint, Carter fabricated the police report he prepared as well as a "Use of Force Form" he was required to complete. *Id.* at ¶ 26. Apparently, Carter's use of force during Bickel's arrest was summarily deemed justified by the City, CSPD, and/or CSPD's Response to Resistance Board. *See id.* at ¶¶ 27-28.

Bickel brings five claims for relief, including: excessive force under the Fourth Amendment and 42 U.S.C. § 1983 against Carter (Count I); intentional infliction of emotional distress ("IIED") against Carter (Count II); "assault and/or battery" against Carter (Count III); a claim "pursuant to 768.28 Fla. Stat." against the City (Count IV); and a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and 42 U.S.C. § 1983 against the City (Count V). ECF No. [49]. The Court previously dismissed Count II of Plaintiff's Amended Complaint without prejudice, finding that he failed to state a claim for IIED by merely alleging in "conclusory fashion that Bickel suffered 'severe emotional distress.'" *See* ECF No. [40]. The Court concluded that the failure to offer "specific allegations as to any mental suffering Bickel has endured, let alone the degree of such mental suffering" warranted dismissal with leave to amend. *Id.* Since then, Plaintiff has filed a Second Amended Complaint adding allegations of emotional distress. *See* ECF No. [49] at 10. In his Motion, Defendant again seeks to dismiss Count II for failure to state a claim. *See* ECF No. [53]. Both the Response and the Reply to the Motion timely followed. *See* ECF Nos. [53] and [54].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010). With respect to Rule 12(b)(6), "[d]ismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

## III. DISCUSSION

In the Motion, Carter contends that Plaintiff's IIED claim in Count II should be dismissed because the Second Amended Complaint fails to allege sufficient facts to support the claim. Specifically, Carter argues that Count II alleges in a conclusory fashion that Plaintiff suffered severe emotional distress, that "Plaintiff has pled identical facts to those deemed insufficient as a matter of law in the First Amended Complaint," and that Plaintiff offers "no facts demonstrating the actual emotional distress Plaintiff claims to have suffered . . . ." ECF No. [52] at 3-4. The Court disagrees.[1]

A claim for IIED under Florida law requires a showing of: "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla.1993) (citing *Metro. Life Ins. Co.*

---

[1] The Court previously held that the allegations in the First Amended Complaint were sufficient to establish outrageous conduct. *See* ECF No. [40]. The Second Amended Complaint equally sets forth sufficient allegations.

*v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)).  Here, the Court has examined the allegations with respect to the first and last elements—the resulting mental suffering and its severity.  To overcome a motion to dismiss, an IIED claim must make specific allegations concerning any mental suffering that the plaintiff has sustained and speak to the degree of such mental suffering. *See Frias v. Demings*, No. 6:09–cv–2023–Orl–31KRS, 2011 WL 4903086, at *12 (M.D. Fla. Oct. 14, 2011) ("The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.") (citing Restatement (Second) of Torts § 46, cmt. J (1965)).

Applying this standard to the Second Amended Complaint, Plaintiff has pled specific allegations of emotional distress and has addressed their severity.  Specifically, Plaintiff alleges that, as a result of Carter's conduct, he has been caused "great embarrassment and extreme shame;" he "is now and will continue to be grief stricken;" he "developed an acute fright and paranoia when he sees the police," and he suffers and "will continue to suffer from nightmares and daily extreme anxiety." *Id.* at ¶¶ 42, 43.  Psychological reactions, such as extreme anxiety and the manifestation of nightmares and paranoia, paired with the litany of other forms of emotional distress alleged are sufficiently severe for purposes of stating a claim for IIED.  "[I]t is not a normal or common response for an individual to become so nervous around a police officer that it causes physiological reactions such as shaking or loss of sleep." *Holloway v. City of Orlando*, No. 6:15-cv-129-ORL-40GJK, 2016 WL 4369958, at *8 (M.D. Fla. Aug. 16, 2016) (concluding that the plaintiffs' testimony stating that, as a result of the incident, they experienced trouble sleeping and would shake after any interaction with policers officers was sufficient evidence of emotional distress to withstand summary judgment).  The Court finds that the mental suffering Plaintiff alleges is sufficient as a matter of law to support a claim of IIED.

Further, when an officer allegedly beats a non-resisting individual, the Court can infer the remaining elements of the claim for IIED. *See Forrest v. Pustizz*, No. 16-cv-62181-GAYLES, 2017 WL 2472537, at *8 (S.D. Fla. June 7, 2017) ("The Court can reasonably infer that Forrest satisfied the other elements of the claim as well – that he suffered emotional distress and that the distress was severe" when the allegations were that the officer "continually beat him despite his lack of resistance"). Here, Plaintiff alleges that with his hands restrained behind his back and while forced down onto his knees on the first step of the concrete stairway outside of his apartment, Carter "came up from behind, took hold of his head, and slammed it into the concrete stair." *See* ECF No. [49] at ¶¶ 19-22. Plaintiff further alleges that, while he remained on his knees, he did not "oppose, resist or fail to obey the command of, any of the officers present, including Carter." *Id.* Plaintiff's allegations that Carter slammed his head into the concrete stair despite the lack of resistance would, standing alone, allow the Court to infer that all other elements of the IIED are satisfied. When this is coupled with Plaintiff's allegations of nightmares, paranoia, and extreme anxiety, the Court finds that Count II states a claim for IIED.

While Defendant contends that Plaintiff has "pled identical facts to those deemed insufficient as a matter of law in the First Amended Complaint," it is clear that Plaintiff has added several factual allegations that were not present in the First Amended Complaint. ECF No. [52] at 3. In particular, paragraphs 42 and 43 of the Second Amended Complaint include new allegations addressing the insufficiencies which the Court previously highlighted. ECF No. [49] at ¶ 42-43. Plaintiff's allegations speak directly to the mental suffering that he claims to have endured, and further, to its severe nature. Unlike the cases cited by Defendant in support of his argument, Plaintiff has gone beyond merely restating the elements of the tort, to allege actual and specific severe mental suffering resulting from Defendant's conduct. In support of his

argument for dismissal, Defendant relies upon a series of cases where the plaintiff alleged only conclusory allegations. *See Bostick v. McGuire*, No. 6:15-cv-1533-Orl-37GJK, 2017 WL 897308 (M.D. Fla. March 7, 2017) (granting summary judgment when the only allegation of emotional distress was that the plaintiff was paranoid when he was around police and would not "go outside much."); *Bailey v. City of Douglasville*, No. 1:13-CV-00941-RWS-ECS, 2015 WL 12867012 (N.D. Ga. Feb. 4, 2015) (recommending dismissal after finding that conclusory terms such as "humiliation, embarrassment, and mental anguish" were, alone, lacking substance to support an IIED claim); *Sneed v. SEI/Aaron's, Inc.*, No. 1:13-CV-982-TWT, 2013 WL 6669276 (N.D. Ga. Dec. 18, 2013) (stating that bare allegations of "humiliation, fear, and embarrassment" without any allegation of physical or mental symptoms or further details are insufficient to state a claim for IIED); *Carter v. Countrywide Home Loans, Inc.*, No. 3:10cv503-WHA-CSC, 2010 WL 4269149 (M.D. Ala. Oct. 28, 2010) (alterations in original) (dismissing plaintiff's claim for outrageous conduct when they simply alleged that they suffered "emotional pain and suffering, [and] depression."). In the instant case, Plaintiff's additional allegations of nightmares, paranoia, and extreme daily anxiety go beyond mere conclusions and are sufficient to survive a motion to dismiss. Accordingly, the Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Jason Carter's Motion to Dismiss Count II of Second Amended Complaint, **ECF No. [52]**, is **DENIED**.

2. Defendant Jason Carter shall file an Answer to Count II of the Second Amended Complaint by **August 11, 2017**.

**DONE AND ORDERED** in Miami, Florida this 3rd day of August, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record